UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JESSICA POTTER, | Case No. 3:09-cv-169 |
| Plaintiff, | Judge Timothy S. Black |
| | Magistrate Judge Sharon L. Ovington |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 15) IN ITS ENTIRETY; (2) OVERRULING DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS (Doc. 16); (3) VACATING THE COMMISSIONER'S NON-DISABILITY FINDING AND REMANDING UNDER SENTENCE FOUR OF 42 U.S.C. § 405(g) FOR FURTHER CONSIDERATION CONSISTENT WITH THIS ORDER; AND (4) TERMINATING THIS CASE**

Plaintiff Jessica Potter brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

On June 2, 2010, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (Doc. 15) recommending that the Commissioner's non-disability determination be vacated and the case be remanded to the Commissioner and the Administrative Law Judge under Sentence Four of 42 U.S.C. § 405(g) for further consideration. Defendant subsequently filed Objections (Doc. 16), and Plaintiff responded (Doc.17). The case is now ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. 15), and in Defendant's Objections (Doc. 16), as well as upon a thorough *de novo* review of the Court's file, including the Administrative Transcript, and a thorough review of the applicable law, the Court adopts the aforesaid Report and Recommendations in its entirety, and overrules Defendant's Objections to the Magistrate Judge's Report and Recommendations. Accordingly, in so doing, the Court hereby vacates the Commissioner's decision that Plaintiff Jessica Potter was not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986)). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be

required to prevent a judgment as a matter of law against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

The second judicial inquiry, reviewing the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id.* (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is not supported by substantial evidence and the ALJ did not apply the correct legal criteria. Accordingly, Defendant's Objections to the Magistrate Judge's Report and Recommendations (Doc. 16) are **OVERRULED**, and the Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. 15) in its entirety. The Commissioner's decision that Plaintiff Jessica Potter was not disabled is hereby **VACATED** and this case is **REMANDED** to the Commissioner and the Administrative Law Judge under Sentence Four of 42 U.S.C. §405(g) for further consideration. Specifically, the Commissioner and ALJ shall: (1) reevaluate the medical source opinions under the legal criteria set forth in the Commissioner's Regulations, Rulings, and as required by case law; (2) explain the evaluation of the medical sources as required by the Regulations, Rulings, and case law; and (3) determine anew whether

-3-

Plaintiff is under a "disability."

The captioned cause is hereby ordered **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**IT IS SO ORDERED.**

Date: 7/6/10

Timothy S. Black
United States District Judge