**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| JESSICA POTTER, | : | |
|     Plaintiff, | : | Case No. 3:09cv00169 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | :<br><br>: | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATIONS[1]**

Plaintiff previously obtained a remand of this matter to the Social Security Administration for further proceedings. (Doc. #s 15, 18). The case is before the Court upon Plaintiff's Application For Attorney Fees And Expenses Pursuant To The Equal Access To Justice Act (EAJA) (Doc. #20), the Commissioner's Response (Doc. #21), and the record as a whole. Plaintiff seeks an EAJA award totaling $4,785.00 (29 hours x $165.00 per hour).

The EAJA requires the Government to pay a prevailing social security plaintiff's attorney fees "unless the court finds that the position of the United States was

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

substantially justified or that special circumstances make an award unjust." 28 U.S.C. §2412(d)(1)(A); *see Pierce v. Underwood*, 487 U.S. 552, 556, 108 S.Ct. 2451 (1988); *see also Scarborough v. Principi*, 541 U.S. 401, 407, 124 S.Ct. 1856 (2004).

> A position is substantially justified when it is "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565, 108 S.Ct. 2541. Stated otherwise, a position is substantially justified when it has a "reasonable basis both in law and fact." *Id*. The fact that ... the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified. *See id*. at 569, 108 S.Ct. 2541; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). Indeed, "Congress did not ... want the 'substantially justified' standard to 'be read to raise a presumption that the Government position was not substantially justified simply because it lost the case....' " *Scarborough*, 541 U.S. at [415], 124 S.Ct. at 1866 (quoting *Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed.Cir. 2003)).

*Howard v. Barnhart* 376 F.3d 551, 554 (6th Cir. 2004). The Government bears the burden of establishing that its position was substantially justified. *Scarborough*, 541 U.S. at 414-15, 124 S.Ct. at 1865-66; *see Peck v. Comm'r of Social Sec.*, 165 Fed. Appx. 443, 446 (6th Cir. 2006).

In the present case, the Commissioner acknowledges that the Court remanded the matter for further administrative proceedings because (1) the Administrative Law Judge (ALJ) inadequately explained, in accordance with Social Security Regulations, the weight given to the opinions provided by treating psychiatrist Dr. Gollamudi and treating therapist M. Violand; and (2) the ALJ did not make clear how he arrived at his residual functional capacity conclusions. According to the Commissioner, "Because the ALJ's decision was remanded for further articulation, the government's position was

2

substantially justified, *i.e.*, the government's position had a reasonable basis in law and fact." (Doc. # 21 at 134).

The ALJ's errors when rejecting the opinions provided by Dr. Gollamudi and Ms. Violand arose in part from his failure to explain his reasoning. His errors, however, involved more than inadequate articulation. The Commissioner presently overlooks or minimizes those errors without fully appreciating the various missteps the ALJ took. Similarly, when supporting the ALJ's decision, the Commissioner unreasonably overlooked the ALJ's multiple errors when rejecting the opinions of treating psychiatrist Dr. Gollamudi and treating therapist Ms. Violand. The prior explanation (in the Report and Recommendation) of the ALJ's several errors bears repeating and likewise establishes that the Commissioner's present search for substantial justification lacks merit:

> The ALJ articulated his rationale for discounting Dr. Gollamudi's and Ms. Violand's opinions as follows, in full:
>
>> The claimant's psychiatrist and her therapist both reported that the claimant would be unemployable for twelve months or longer. They also both reported that the claimant's mental disorders were of Listing level severity. However, these opinions are inconsistent with the treatment notes which indicated a positive response to medication and therapy. As the opinion[s] are not well-supported [by] the record, they cannot be accepted. It is further noted that social workers are not acceptable medical sources under the provisions of 20 CFR 404.1513(a) and 416.913(a).
>
> (Tr. 32) (citations to the record omitted).
>
> In summarily rejecting Dr. Gollamudi's opinion without further

3

elaboration, the ALJ failed to abide by the Social Security regulations and the law of the Sixth Circuit. *See* 20 C.F.R. § 416.927(d); *Wilson*, 378 F.3d at 541. An ALJ must satisfy the clear procedural requirement of giving "good reasons" for discounting a treating physician's opinion, meaning "reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion *and* the reasons for that weight.'" *Rogers*, 486 F.3d at 242 (citing Social Security Ruling 96-2p, 1996 WL 374188, at *5) (emphasis added); *see also Wilson*, 378 F.3d at 544. This procedural "good reason" rule serves both to ensure adequacy of review and to permit the claimant to understand the disposition of his case. *Rogers,* 486 F.3d at 242.

Here, the ALJ's stated rationale is not "sufficiently specific" to satisfy the requirements of the rule, particularly given that nothing in Dr. Gollamudi's treatment notes suggests that Plaintiff had responded so positively to medication and therapy that she could be expected to be able to sustain employment on a regular and continuing basis. As Plaintiff argues, at no point during four-plus years of treatment (*see* Tr. 844-905, 1009-20) did Dr. Gollamudi indicate that a reduction in the frequency of Plaintiff's office visits was warranted. (*See* Doc. # 9 at 13). The ALJ does not explain why some indications that Plaintiff was improving with treatment completely negate her psychiatrist's opinion that she was unable to work.

Moreover, even had the ALJ adequately explained his reasons for concluding that Dr. Gollamudi's opinion was "inconsistent" with and "not well-supported" by the record (*see* Tr. 32), his conclusion that Dr. Gollamudi's opinion was not entitled to controlling weight did not relieve the ALJ of the obligation to consider the requisite "other factors" in determining the amount of weight to give that opinion. For example, the ALJ nowhere addressed the significant factor of the length and frequency of Dr. Gollamudi's treatment relationship with Plaintiff. He also neglected to mention that Dr. Gollamudi's opinion was largely <u>consistent</u> with the opinion of consultative examiner Dr. Bonds. (*See* Tr. 717-24). Despite citing some reasons for discounting Dr. Gollamudi's opinion, then, ALJ Armstead never fully explained how those reasons affected the weight he gave to Dr. Gollamudi's opinion, or even what weight he ultimately accorded that opinion. *See Rogers*, 486 F.3d at 246.

Only where a treating doctor's opinion "is so patently deficient that the Commissioner could not possibly credit it" will the ALJ's failure to

4

observe the requirements for assessing weight to a treating physician opinion not warrant a reversal. *Wilson*, 378 F.3d at 547. As explained by the Sixth Circuit in *Rogers*:

> Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions *and* for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, *even where the conclusion of the ALJ may be justified based upon the record*.

*Rogers,* 486 F.3d at 243 (emphasis added) (citation omitted). The Court in this case cannot excuse the ALJ's omissions as to Dr. Gollamudi's opinion because there is no reason to conclude that such opinion is "patently deficient." Because he failed to identify adequate reasons for giving Dr. Gollamudi's opinion no weight, the ALJ's rejection of the treating psychiatrist's assessment of Plaintiff's functional capacity is not supported by substantial evidence. Such legal error warrants reversal and remand of this case for reconsideration of Plaintiff's residual functional capacity, with proper analysis of the weight given to Dr. Gollamudi's residual functional capacity assessment, consistent with the treating source regulation. 20 C.F.R. § 416.927(d). *Rogers,* 486 F.3d at 246; *Wilson*, 378 F.3d at 546.

Similar error afflicts the ALJ's evaluation of the opinion of Plaintiff's treating therapist, Ms. Violand. Although the ALJ correctly observed that social workers such as Ms. Violand do not qualify as "acceptable medical sources" (*see* Tr. 32), her opinion nonetheless cannot be rejected out of hand. Social Security Ruling 06-03p specifies how the Commissioner is to consider opinions and other evidence from those who are not "acceptable medical sources," providing as follows:

> With the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not "acceptable medical sources," such as . . . licensed clinical social workers, have increasingly assumed a greater percentage of the treatment and evaluation functions handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important

5

>    and should be evaluated on key issues such as impairment
>    severity and functional effects, along with the other evidence
>    in the file.
>
> *Id.*, 2006 WL 2329939, at *3.  Further, Ruling 06-03p explains that
> opinions from non-medical sources who have seen the claimant in their
> professional capacity should be evaluated "by using the applicable factors,
> including how long the source has known the individual, how consistent the
> opinion is with other evidence, and how well the source explains the
> opinion." *See Cruse* v. *Comm'r of Soc. Sec.,* 502 F.3d 532, 541 (6th Cir.
> 2007) (citations omitted).  Finally, this Ruling states that:
>
>    [a]lthough there is a distinction between what an adjudicator
>    must consider and what the adjudicator must explain in the
>    disability determination or decision, the adjudicator generally
>    should explain the weight given to opinions for these "other
>    sources," or otherwise ensure that the discussion of the
>    evidence in the determination or decision allows a claimant or
>    subsequent reviewer to follow the adjudicator's reasoning,
>    when such opinions may have an effect on the outcome of the
>    case.
>
> SSR 06-03P, 2006 WL 2329939, at *6.
>
>    As noted above, Ms. Violand opined that Plaintiff's mental disorders
> were of Listing-level severity and that Plaintiff would be unemployable for
> 12 months or longer.  (*See* Tr. 937-38, 998-1001).  In summarily dismissing
> that opinion, the ALJ neither mentioned nor considered the nature and
> extent of Ms. Violand's treatment relationship with Plaintiff, and also did
> not elaborate on the supportability of Ms. Violand's opinion or its
> consistency with other evidence of record (including the opinions of Drs.
> Gollamudi and Bonds).  Again, this omission was error.

(Doc. #15 at 91-96).

The Commissioner relies on three cases in support of his contentions:

*Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Stein v. Sullivan*, 966 F.2d

317, 319 (7th Cir. 1992); and *Anderson v. Comm'r of Social Sec.*, unpubl. op., 1999 WL

6

1045072 at *4 (6th Cir. Nov. 12, 1999).  These Seventh Circuit cases and the unpublished Sixth Circuit case are considered for their persuasive, rather than precedential, value.  *See Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 446 (6th Cir. 2009).

Each case cited by the Commissioner expresses the same general concept: an ALJ's failure to properly articulate his or her reasoning "in no way necessitates a finding that the [Commissioner's] position was not substantially justified."  *Stein*, 966 F.2d at 320; *see Cunningham*, 440 F.3d at 864; *see also Anderson*, 1999 WL 1045072 at *5 (relying on *Stein*).  Yet none of these cases held that a failure to articulate combined with other errors – such as those described above, *supra*, pp. 3-6 – can never support an EAJA award.  The Commissioner's cases, therefore, do not support the conclusion that his decision to support the ALJ's decision, even though it was flawed with errors of articulation plus additional errors, was reasonably based in law and fact.  And, consequently, the Commissioner has not met his burden of establishing that his support for the ALJ's decision was substantially justified or that an EAJA award to Plaintiff will be unjust.  *Howard*, 376 F.3d at 554 ("Under the circumstances of this case, where the administrative law judge was found to have selectively considered the evidence in denying benefits, we hold that the Commissioner's decision to defend the administrative law judge's denial of benefits is without substantial justification.").  Plaintiff is therefore entitled to the EAJA award she seeks.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Application For Attorney Fees And Expenses Pursuant To The Equal Access To Justice Act (Doc. #20) be GRANTED in the amount of $4,785.00;

2. The Clerk of Court be directed to enter Judgment in favor of Plaintiff and against the Commissioner of the Social Security Administration in the total amount of $4,785.00; and

3. The case remain terminated on the docket of this Court.


March 31, 2011

                                                               s/Sharon L. Ovington
                                                                 Sharon L. Ovington
                                                   United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).